UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Markiquse Chess,

          Plaintiff

 v.

Troy Gardiner Pieper, et al.,

          Defendants

Case No. 2:24-cv-00466-CDS-NJK

**Order Granting Motion to Remand**

[ECF No. 15]

      This motion to remand arises out of the alleged injury of plaintiff Markiquse Chess. Chess argues this court does not have subject matter jurisdiction because he was a resident of New York, and not New Jersey, at the time of filing suit against New York-based defendants Troy Gardiner Pieper and Pieper New York-Multistate Bar Review, LTD. (collectively, "Pieper"). Chess moves to remand the case on the grounds that a federal court may only invoke diversity jurisdiction when all plaintiffs and defendants are from different states. Pieper opposes the remand, arguing that when Chess filed the complaint, he stated that he "was and is a resident of Jersey City, New Jersey." ECF No. 17 at 4. Pieper further contends that Chess did not fully establish that he was in fact domiciled, as opposed to merely residing, in New York when the suit commenced. *Id*.

      This court is ultimately one of limited jurisdiction. The evidence shows Chess resided and worked in New York at the time of filing the complaint and had no intention to leave. That evidence also indicates that Chess was domiciled in New York, so there is no diversity between the plaintiff and defendants. Consequently, this court lacks subject matter jurisdiction, so this case is remanded to the Eighth Judicial District Court.

## I. Background

Chess filed his complaint against Pieper in the Eighth Judicial District Court, Clark County, Nevada. ECF No. 1-1. Chess alleges that he was tackled by defendant Pieper at the Harry Reid International Airport, and that he suffered injuries as a result. *Id.* In the complaint, Chess alleges that, "[a]t all times relevant herein," he "was and is" a resident of Jersey City, New Jersey. *Id.* ¶ 2. Chess also alleges that defendant Pieper "was and is a resident of Nassau County, New York" and that defendant Pieper Bar Review "was and is a corporation formed and existing under the laws of the State of Nevada and doing business in New York." *Id.* ¶¶ 3–4.

Pieper filed a petition for removal on March 7, 2024. ECF No. 1. Therein, Pieper argues that removal is proper under 28 U.S.C. § 1332 due to (1) diversity of citizenship between the New Jersey plaintiff and the two New York defendants; and (2) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. ECF No. 1.

On March 14, 2024, Chess filed an amended certificate of interested parties, where he represents that he is a "U.S. citizen residing in New York." ECF No. 7 ¶ 1. Chess now moves for remand, arguing that he resided in New York, and not New Jersey, when the complaint was filed. *See generally* ECF No. 15. In an amended certificate of interested parties, Chess states that he lived in New Jersey at the time of the alleged attack but resided in New York at the time of filing the complaint. ECF No. 7.

## II. Legal standard

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *See* U.S. Const. art. III, § 2, cl. 1; *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). When initiating a case, "[a] plaintiff is the master of [their] complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 389–99 (1987)). Generally, plaintiffs are entitled to deference in their choice of forum. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949–50 (9th

2

Cir. 2017). However, Congress has enacted statutes that permit parties to remove cases originally filed in state court to federal court. *See* 28 U.S.C. § 1441. Subject to certain requirements and limitations, a defendant generally may remove a case from state court to federal court where the case presents either diversity or federal question jurisdiction. 28 U.S.C. § 1441(a)–(c). Relevant to this motion, diversity jurisdiction requires: (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy to exceed $75,000. *See* 28 U.S.C. § 1332(a).

Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c). In order to protect the jurisdiction of state courts, the removal statute should be construed narrowly, against removal jurisdiction, and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

## II.     Discussion

"[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332. A person's citizenship is "determined by [their] state of *domicile*, not [their] state of *residency*." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (emphasis added). Thus, to assess diversity jurisdiction, the court must consider each party's "domicile." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Residency is an element of domicile; a party is domiciled where they (1) reside, and (2) intend to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (citing *Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940) (quoting *Pickering v. Winch*, 48 Or. 500, 87 P. 763, 765 (1906)); 1 J. Moore, *Moore's Federal Practice* ¶ 0.74(3.–3), at 707.58–60 (1985)). Thus, to properly allege that the court lacks subject matter jurisdiction, the moving party should discuss the correct legal concept: domicile.

In this case, diversity of citizenship is determined as of January 10, 2024, the date the complaint was filed. ECF No. 1-1. In the motion to remand, Chess only discussed residency. ECF No. 15. He stated that he lived in New York at the time of filing the complaint and cited the

certificate of interested parties, which corroborated his assertion. *Id.*; ECF No. 7. As Pieper pointed out in his response, this alone is inadequate because domicile has two elements, and Chess must also satisfy the intent to remain in New York to establish domicile. ECF No. 17. Only in his reply did Chess provide new evidence in the form of a paystub that indicated he not only lived in New York, but he also worked there. ECF No. 19. Evidence that someone works in a particular state weighs in favor of domicile in that state. *Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009). However, changing domicile in the pursuit of employment does not establish domicile in that new location. *See Franco v. Empire Sw. Holdings, Inc.*, No. 07cv0021-B(PCL), 2007 U.S. Dist. LEXIS 17164, at *7 (S.D. Cal. Mar. 12, 2007). Here, Chess made no representations as to why he moved to New York, including if it were for employment purposes. *See* ECF Nos. 15; 19. In an abundance of caution in its assessment of subject matter jurisdiction, this court issued a minute order requiring Chess to provide additional evidence demonstrating his intent. Order, ECF No. 22. Chess submitted a declaration stating that he moved to New York approximately nine months prior to filing the complaint, he has lived in the same location since then, and he has no plans of leaving New York. ECF No. 29.

### A. Chess met the initial burden of production to rebut the presumption of continuing domicile.

Chess must meet his burden of production by presenting substantial evidence to rebut the presumption of continuing domicile. The presumption of continuing domicile states that a person acquires a domicile at birth and retains it until there is sufficient evidence that they have acquired a new one. *Lew*, 797 F.2d at 750 (citing *Barber v. Varleta*, 199 F.2d 419, 423 (9th Cir. 1952)); *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996)). The party opposing subject matter jurisdiction bears the initial burden of "production" to rebut that they are no longer domiciled at their prior location. *Lew*, 797 F.2d at 749–51; *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281 (3d Cir. 2006) (citing *Bank One, Tex. N.A. v. Montle*, 964 F.2d 48, 50 (1st

Cir. 1992). Only once the party opposing subject matter jurisdiction has "produce[d] enough evidence to avoid a directed verdict" can they shift the burden of "proof" to the proponent of subject matter jurisdiction. *Lew*, 797 F.2d at 751. To do so, the party opposing subject matter jurisdiction must present "substantial evidence" of their changed domicile. *Id.* at 751–52.

Chess met his burden in his reply, which states that he was domiciled in New Jersey prior to moving to New York. ECF No. 19. This is supported by the evidence Pieper provided the court. *See* Voluntary statement, Def.'s Ex. A, ECF No. 17-1 (indicating Chess lived in New Jersey at the time of the attack); *see also* Medical record Def.'s Ex. B, ECF No. 17-2 (same). Although Chess employs poor litigation tactics in trickling evidence (e.g., presenting new evidence in his reply brief), the evidence when assessed in its totality demonstrates Chess was domiciled in New York, lived in New York since April 2023, and intends to remain in New York indefinitely. ECF Nos. 7; 29. Thus, Chess produced substantial evidence of his changed domicile from New Jersey to New York. *Lew*, 797 F.2d at 751–52. The burden now shifts to Pieper to show that there is diversity of citizenship between the parties. *Id.* at 751.

**B. Pieper does not meet his burden of proof, so remand is proper.**

Because Chess met his burden in producing enough evidence to support his domicile, the burden shifted to Pieper to provide proof that diversity jurisdiction between the parties exists. Pieper provided a Las Vegas Metro Police Department Voluntary Statement that Chess made on the date of the alleged attack. ECF No. 17 at 5 (citing Voluntary statement, Def.'s Ex. A, ECF No. 17-1). That statement indicates that Chess lived in New Jersey at the time of the alleged attack. Voluntary statement, Def.'s Ex. A, ECF No. 17-1. Pieper also provided Chess's medical record related to a treatment Chess obtained on January 13, 2023. Medical record Def.'s Ex. B, ECF No. 17-2. That record also indicated that Chess resided in New Jersey at the time of the attack and time of the treatment.[1] *Id.* However, as discussed, the standard here is domicile at the time of filing the complaint, not the time of the alleged attack or subsequent treatment. Pieper did not

---

[1] The medical report lists Chess's age, date of birth, and contact information. It appears that his address at the time of the treatment is in Jersey City, New Jersey. Medical record Def.'s Ex. B, ECF No. 17-2.

respond to Chess's declaration, nor did provide any other evidence to meet his burden showing diversity jurisdiction. Consequently, this court lacks subject matter jurisdiction.

## IV. Conclusion

IT IS THEREFORE ORDERED that Chess's motion for remand **[ECF No. 15] is granted.** The Clerk of Court is instructed to remand Case No. A-24-884959-C to the Eighth Judicial District Court, Department 3, and to close this case.

Dated: August 27, 2024

_____
Cristina D. Silva
United States District Judge